**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **ASHLEY PRICE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:20-cv-00094** |
| | ) | |
| **MCDERMOTT, INC.; and** | ) | |
| **CHICAGO BRIDGE AND IRON,** | ) | **JURY TRIAL DEMANDED** |
| **LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## ORIGINAL COMPLAINT

Plaintiff ASHLEY PRICE ("Ms. Price" or "Plaintiff"), by and through her attorneys, brings this action for damages and other legal and equitable relief from Defendants MCDERMOTT INC.("McDermott") and  CHICAGO BRIDGE AND IRON, LLC ("CB&I"), (Collectively "Defendants"), for violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and the Pregnancy Discrimination Act of 1978, 42 U.S.C. §§ 2000 *et seq.* ("Title VII"), the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), the Americans with Disabilities Act, as amended 42 U.S.C. §§ 12111 *et seq.* ("ADA"), the Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.* ("LEDL"), and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1.      This is an action brought by Ms. Price against Defendants for creating and maintaining a work environment filled with severe and/or pervasive sexual harassment. Ms. Price was subjected to constant unwelcome sexual comments, noises, photos, innuendos, and

**ORIGINAL COMPLAINT**

inappropriate and nonconsensual touching from a supervisor. Further, due in part to the physical and mental toll of the harassment Ms. Price was forced to endure, Ms. Price required reasonable accommodation and leave at work that was ridiculed. When Ms. Price complained about the harassment and discrimination she faced, Ms. Price was retaliated against. Ms. Price was assigned new and more strenuous job duties, denied reasonable accommodations, and continues to be barred from returning to work because of her complaints about harassment and need for accommodation.

2.      Plaintiff seeks damages for Defendants' acts of discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.*, the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.*, the Americans with Disabilities Act, as amended 42 U.S.C. §§ 12111 *et seq.*, the Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.* as well as any other cause(s) of action that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e et seq., as amended, and (iii) 42 U.S.C. §§ 1981 et seq., as amended.

4.      The Court's supplemental jurisdiction is invoked to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

**ORIGINAL COMPLAINT**

2

5.      Venue is proper in this Court pursuant to 42 U.S.C. §§ 2000e *et seq.*, as amended, 42 U.S.C. §§ 1981 *et seq.*, as amended, and 29 U.S.C. §§ 201 *et seq.*, as amended, in as much as this judicial district lies in a State and judicial district in which the unlawful employment practices and torts occurred. Venue is also proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and (c), in that Defendants maintain offices, conduct business and/or reside in this district.

## PARTIES

6.      Ms. Price is a person who has been aggrieved by Defendants' actions. She is and has been, at all relevant times, a citizen of the United States of America and is a resident of Allen Parish, Louisiana.

7.      At all relevant times, Ms. Price was Defendants' employee and covered by Title VII, the ADA, the FMLA, and the LEDL.

8.      Defendant McDermott is a Panamanian-domiciled multinational engineering, procurement, construction and installation company with more than 31,000 employees. McDermott is headquartered at 757 N. Eldridge Pkwy., Houston, TX 77079, USA. McDermott acquired  Defendant CB&I in or around May 2018.

9.      Defendant McDermott transacted and continues to transact business within Louisiana by formerly and currently employing individuals within Louisiana and by owning and operating facilities within Louisiana.

10.     Defendant McDermott has at all times been an employer covered by Title VII, the ADA, the FMLA, and the LEDL.

11.     Defendant CB&I is a corporation headquartered in The Woodlands, Texas.

12.     Defendant CB&I transacted business within Louisiana by formerly employing individuals within Louisiana and by owning and operating facilities within Louisiana.

**ORIGINAL COMPLAINT**

3

13.    Defendant CB&I has at all relevant times been an employer covered by Title VII, the ADA, the FMLA, and the LEDL.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

14.    Plaintiff has timely filed her complaint of discrimination and retaliation with the EEOC.

15.    Plaintiff has received her Notice of Right to Sue letter from the EEOC within ninety (90) days prior to the filing of this Complaint.

## STATEMENT OF FACTS

16.     Ms. Price has been employed by Defendants, first as a pipe-fitter helper, and then as an equipment operator, at the Cameron Liquefaction Project, from approximately March 2017 until present.

17.    Starting in or around May 2017, Ms. Price was subjected to severe and/or pervasive harassment at the hands of her supervisor, operator foreman, Gary Hearn ("Hearn").

18.    During her employment, Hearn subjected Ms. Price to unwelcome sexual comments, noises, photos, and innuendos.  For example, Hearn sent Ms. Price pictures of himself in the shower; took close-up video footage of her breasts (which he sent during work hours to her boyfriend, who was also employed by the Company at the time); and told her that he wanted her to come to his trailer with icing on her nipples.

19.    During her employment, Hearn also subjected Ms. Price to unwelcome physical touching. For example, Hearn routinely put his hand on Ms. Price's leg despite her protests.

20.    After Ms. Price refused his advances, Hearn retaliated against her. For example, Hearn defamed her reputation at work and made false reports against her. He also harassed and

**ORIGINAL COMPLAINT**

berated her when she made complaints about her pay, including complaints concerning pay shortages and his refusal to give Ms. Price's pay stubs to her in a timely manner.

21.     In or around April 2018, Ms. Price requested and was granted intermittent leave under the FMLA due to anxiety, stress, and PTSD triggered by Hearn's harassment.  In connection with that leave request, Ms. Price's medical provider indicated that she would require medication and ongoing treatment.

22.     On or around May 16, 2018, Ms. Price reported Hearn's harassment and retaliation to Defendants' human resources department.  However, the Company failed to conduct a good faith investigation into her complaints, and no remedial measures were taken.

23.     Instead, in retaliation for her complaints, on May 17, 2018, Ms. Price was transferred and given more strenuous job duties that involved heavy physical labor.

24.     On June 4, 2018, Ms. Price again reported Hearn's harassment and retaliation to Defendants' human resources department.

25.     In response, however, Defendants' Senior Human Resources Manager rudely told Ms. Price, "You're one of 10,500 employees out here, what do you want us to do for you?"  She then indicated that Ms. Price should handle it herself.  Again, no good faith investigation was conducted and no remedial measures were taken by Defendants.

26.     On or around June 15, 2018, Ms. Price requested FMLA leave due to high blood pressure resulting from stress and anxiety caused by Hearn's harassment and by the Company's failure to provide a safe working environment.

27.     On or around July 19, 2018 Ms. Price submitted the supporting FMLA paperwork. The certification of health care provider form, which she submitted on July 19, 2018, indicated that Ms. Price was pregnant.

**ORIGINAL COMPLAINT**

5

28.     As a result of the above-mentioned conditions, Ms. Price was disabled within the meaning of the Americans with Disabilities Act.

29.     Ms. Price was on continuous FMLA leave from approximately June 15, 2018 until approximately August 13, 2018.

30.     Though Ms. Price was on approved FMLA leave, she was ridiculed by Hearn for taking FMLA leave and was accused of taking FMLA leave because she did not want to go to work.

31.     On or around August 13, 2018, Ms. Price attempted to return to work.  However, before she was allowed to return, Defendants required that she provide medical documentation from her doctors describing her medical restrictions.  Defendants also required her to schedule an appointment with a physician selected by Defendants.

32.     Ms. Price attended the appointment and provided the requested documentation on or around August 14, 2018, and August 16, 2018, in which her physicians stated that she could return to work with certain restrictions related to driving, lifting, and toxic fumes, among others. Her doctors also indicated that she should not work around her harasser and could no longer take her anxiety medication due to her pregnancy.

33.     On or around August 20, 2018, Ms. Price met with a Human Resources representative and requested a workplace accommodation.  More specifically, and as documented by her physicians, she indicated that she could not safely perform her current job duties, which involved heavy physical labor.  In that meeting, Ms. Price requested modified work duties or another position which would accommodate her medical restrictions due to her disabilities.

34.     That same day, Human Resources sent Ms. Price to a Company representative regarding her request for accommodation.  When Ms. Price asked the representative for an

**ORIGINAL COMPLAINT**

accommodation, however, the representative stated "If this were a work injury, we would have to accommodate you, but because this is personal, it's up to your supervisor.  If he wants to work with you, fine.  Otherwise, we'll have to send you home."

35.    That same day, Ms. Price and the Company representative met with Ms. Price's supervisor, who stated that he did not have a position in his immediate department which could accommodate her medical restrictions.  However, no effort was made to identify a suitable position outside of her supervisor's immediate department.

36.    As a result, on or around August 20, 2018, Ms. Price was placed on unpaid leave. The Human Resources representative stated that she would continue on unpaid leave "until she had no restrictions."

37.    Upon information and belief, the company provides reasonable accommodations to employees who are injured on the job.  These accommodations include modified work duties and/or placement into a different position.

38.    However, the company refused to provide a reasonable accommodation related to Ms. Price's pregnancy and disabilities until the end of September 2018, when Ms. Price was allowed to briefly return to work and perform administrative work.

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.
### (Sex Discrimination)

39.    Ms. Price is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

40.    The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. §§ 2000e *et seq*., as Defendants have

**ORIGINAL COMPLAINT**

engaged in the practice of discrimination against Ms. Price with respect to the terms and conditions of Plaintiff's employment.

41. Ms. Price has been denied accommodations, leave, and the ability to return to work on the basis of her sex, and specifically because of her pregnancy.

42. Ms. Price's requests for relief are set forth below.

## AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.
### (Hostile Work Environment)

43. Ms. Price is a member of a protected class and repeats and re-alleges the allegations in the preceding paragraphs, as if fully set forth herein.

44. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Defendants have engaged in gender harassment and have created, maintained, and condoned a hostile work environment towards Ms. Price. Ms. Price reported her harassment and no good faith investigation was taken, nor was any remedy provided for the harassment she experienced.

45. Plaintiff's requests for relief are set forth below.

## AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.
### (Retaliation)

46. Ms. Price is a member of a protected class and repeats and re-alleges the allegations in the preceding paragraphs, as if fully set forth herein.

47. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Defendants have engaged in retaliation in response to Ms. Price's protected actions. Specifically, Ms. Price made complaints about the harassment she

**ORIGINAL COMPLAINT**

experienced, and made requests for accommodations. In response, Ms. Price has been subjected to further harassment, denial of accommodations, and a refusal to let her come back to work.

48.	Plaintiff's requests for relief are set forth below.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
### Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq*.
### (Retaliation)

49.	Ms. Price is a member of a protected class and repeats and re-alleges the allegations in the preceding paragraphs, as if fully set forth herein.

50.	The conduct alleged herein violates Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.*, as Defendants have engaged in retaliation against Ms. Price for her protected taking of FMLA. In retaliation, Ms. Price has been subjected to further harassment, denial of accommodations, and a refusal to let her come back to work.

51.	Plaintiff's requests for relief are set forth below.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF
### The Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12111 *et seq.*
### (Failure to Accommodate)

52.	Ms. Price is a member of a protected class and repeats and re-alleges the allegations in the preceding paragraphs, as if fully set forth herein.

53.	The conduct alleged herein violates the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12111 *et seq.*, as Defendants have engaged in the practice of discrimination with respect to the terms and conditions of Plaintiff's employment on the basis of disability. Specifically, Ms. Price was unreasonable denied any opportunity to discuss reasonable accommodations and Defendants failed to effectively accommodate her at work.

54.	Ms. Price's requests for relief are set forth below.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR A VIOLATION OF

**The Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12111 *et seq***
**(Retaliation)**

55.     Ms. Price is a member of a protected class and repeats and re-alleges the allegations in the preceding paragraphs, as if fully set forth herein.

56.     49.     The conduct alleged herein violates the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12111 et seq., as Defendants have engaged in retaliation in response to Ms. Price's protected actions. Specifically, Ms. Price made requests for reasonable accommodations. In response, Ms. Price has been subjected to further harassment, denial of accommodations, and a refusal to let her come back to work.

57.     Plaintiff's requests for relief are set forth below.

**AS AND FOR A SEVENTH CAUSE OF ACTION FOR A VIOLATION OF**
**Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.***
**(Disparate Treatment)**

58.     Ms. Price is a member of a protected class and repeats and re-alleges the allegations in the preceding paragraphs, as if fully set forth herein.

59.     Ms. Price was subjected to discrimination on the basis of sex and disability by Defendants. The conduct alleged herein violates Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.* as Defendants have engaged in the practice of discrimination against Ms. Price. Ms. Price was subjected to differential treatment on the basis of her sex, pregnancy, and disability, and was denied reasonable accommodations by Defendants.

60.     Plaintiff's requests for relief are set forth below.

**AS AND FOR AN EIGHTH CAUSE OF ACTION FOR A VIOLATION OF**
**Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.***
**(Hostile Work Environment)**

ORIGINAL COMPLAINT

61.     Ms. Price is a member of a protected class and repeats and re-alleges the allegations in the preceding paragraphs, as if fully set forth herein.

62.     The conduct alleged herein violates Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.* as Defendants have engaged in the practice of discrimination against Ms. Price. Ms. Price was subjected to severe and pervasive sexual harassment by Defendants. Ms. Price reported her harassment and no good faith investigation was taken, nor was any remedy provided for the harassment she experienced.

63.     Plaintiff's requests for relief are set forth below.

### AS AND FOR A NINTH CAUSE OF ACTION FOR A VIOLATION OF
### Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.*
### (Retaliation)

64.     Ms. Price is a member of a protected class and repeats and re-alleges the allegations in the preceding paragraphs, as if fully set forth herein.

65.     The conduct alleged herein violates Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.* as Defendants have retaliated against Ms. Price for her protected actions. Namely, Ms. Price has complained about her harassment and requested reasonable accommodation. In response, Ms. Price has been subjected to further harassment, denial of accommodations, and a refusal to let her come back to work.

66.     Plaintiff's requests for relief are set forth below.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of the Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.*, the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 *et seq.*,

**ORIGINAL COMPLAINT**

11

the Americans with Disabilities Act of 1990, as amended 42 U.S.C. §§ 12111 *et seq.*, he Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.,* and the Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.*, and any other cause(s) of action that can be inferred from the facts set forth herein;

B. All damages which Plaintiff has sustained as a result of Defendants' conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits they would have received but for Defendants' discriminatory practices, and for emotional distress, humiliation, embarrassment, and anguish;

C. Exemplary and punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless, and/or intentional conduct;

D. Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs;

E. Pre-judgment and post-judgment interest, as provided by law;

F. That the Court retain jurisdiction over Defendants until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

Granting Plaintiff other and further relief as this Court finds necessary and proper.   Plaintiff also seeks injunctive relief, including, but not limited to:

G. Training on the subject of employment discrimination and sexual harassment for all of Defendants' employees;

H. Diversity training for all managers conducted by reputable outside vendors;

**ORIGINAL COMPLAINT**

12

I.  Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination;

J.  Active monitoring of the work areas to ensure compliance with discrimination policies;

K.  Monitoring by the Court or a federal agency to ensure that Defendants comply with all injunctive relief; and

Plaintiff further demands that she be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Dated:  January 21, 2020                    Respectfully Submitted,

                                            _/s/ Philip Bohrer_____
                                            Philip Bohrer
                                            Louisiana State Bar No. 14089
                                            phil@bohrerbrady.com
                                            **Bohrer Brady LLC**
                                            8712 Jefferson Highway
                                            Suite B
                                            Baton Rouge, LA  70809
                                            Telephone: (225) 925-5297

                                            Jay D. Ellwanger
                                            Texas State Bar No. 24036522
                                            jellwanger@equalrights.law
                                            Esha Rajendran
                                            Texas State Bar No. 24105968
                                            erajendran@equalrights.law
                                            Ellwanger Law LLLP
                                            400 South Zang Blvd.
                                            Suite 1015
                                            Dallas, Texas 75208
                                            Telephone: (737) 808-2260
                                            Facsimile: (737) 808-2262

                                            **ATTORNEYS FOR PLAINTIFF**

                                            **ORIGINAL COMPLAINT**